UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD R. RUSHTON

V. C.A. NO. 2006-497ML

KENNTH J. VINACCO

# STATEMENT OF FACTS AND ISSUES

## FACTS

Plaintiff Ronald Rushton was involved in a brief altercation with another person shortly after midnight on December 11, 2004, outside of "Club Hell" on Richmond Street. Sergeant Kenneth J. Vinacco of the Providence Police Department arrested Rushton and the other person, placing Rushton against the wall of a nearby building. Rushton cooperated with Vinacco's commands and offered no resistance. Vinacco ordered Rushton to get on the ground while simultaneously striking him with his baton on his upper body. Rushton started to go down to the ground and placed his hands behind him and over his head. The officer continued to strike Rushton as he complied with his commands. One of these blows struck Rushton's left hand, fracturing the fourth and fifth metacarpals.

The police department issued Rushton a summons to appear in the Providence Municipal Court on December 30, 2004, on a disorderly conduct charge. The municipal court dismissed the charge at the arraignment.

Rushton previously had no means to identify the officer who broke his hand. On March 31, 2006, he filed a two-count complaint in the Providence County Superior Court, naming the City of Providence along with Dean Esserman in his capacity as Chief of the Providence Police Department (collectively "the City"), and designated an unknown police officer as "John Doe." Count I of the complaint alleged that this unknown officer violated Rushton's rights under the

Fourth and Fourteenth Amendments of the United States Constitution. Count II invoked the Superior Court's equitable powers to conduct discovery to find the unknown officer's identity.

The City removed the prior case to this Court on April 27, 2006, which became C.A. No. 06-196ML. Discovery revealed Vinacco as the officer who struck Rushton – he admitted in his deposition placing Rushton against the wall, ordering him to the ground, and holding his baton while this occurred. He denied striking Rushton, but stated that Rushton complied with his commands and did not resist arrest.

This action commenced soon after completion and dismissal of the discovery proceeding.

## LEGAL ISSUES

If a jury finds that Vinacco struck Rushton and broke his hand as alleged, the only issue from Rushton's perspective is whether this use of force was objectively reasonable under the circumstances. Vinacco has raised defenses of qualified immunity and assumption of the risk that he has the burden to prove.

Ronald R. Rushton,
by his attorney,

/s/ Kelly M. Fracassa
Kelly M. Fracassa #3699
NACCARATO & FRACASSA
P.O. Box 2976
96 Franklin Street
Westerly RI 02891
(401) 596-0321
(401) 348-1090 fax
tnf960@aol.com e-mail

**CERTIFICATE OF SERVICE**

I certify that on the 23d day of February, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon Michael J. Colucci at mjc@olenn-penza.com.

/s/ Kelly M. Fracassa